## BRUNO v STATE

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct 1930

D. F. Rendinell, Youngstown, for Bruno.
R. L. Thomas, Youngstown, for State.

ROBERTS, J.

On the 17th day of April, 1930, at about ten o'clock P. M., W. L. Lewis, state prohibition officer, and deputy sheriffs F. H. Leonard and L. C. Parker, made a raid on premises located at 61½ Jefferson Street in the city of Campbell, this county. The officers were in this locality and a smell arising from the manufacture of intoxicating liquor attracted their attention to the place where the still was located. This was the cellar of an uninhabited dwelling. The officers found therein a 150-gallon still in operation. The still was heated by a gas burner, and the distilled liquor was passing through a coil connected with the still into a container. In addition there was found one hundred and two barrels full of mash, each of fifty-gallon capacity, and seven five-gallon cans filled with distilled intoxicating liquor. The defendant was in the cellar of the house at the time the officers arrived. He told the officers that he was working for a colored man who was the owner; that he did not know the name of the owner; that he had only been working there about an hour at the time the officers arrived. In this basement was a cot having bed clothes on it. On a rack nearby the defendant had some of his clothes and an alarm clock. He had on working clothes at the time of his arrest, and he was looking after the still. He was inquired of by the officers if the still belonged to him or if he was working for somebody else, and he said he had only been there about an hour and was working for this colored man. He testified that on the night in question he had gone to visit certain friends living in the locality, and was asked by a colored man if he was willing to make a few dollars, as he intended to be away for a short time. The defendant agreed to do so and the colored man brought him to the basement where the still was in operation, paid him for his services, and told him to watch the still and if it got hot to turn off the gas. He claimed that he did not rent the house and had nothing to do previously with the still. He was corroborated by a witness by the name of Len Peeples, who said that he had rented the premises to a colored man and that

he had never seen the plaintiff in error there. The plaintiff in error introduced some other testimony concerning his residence and character. Evidence was also disclosed that the plaintiff in error on another occasion was arrested and convicted for the possession of implements to manufacture intoxicating liquor. It is claimed on behalf of the plaintiff in error that the evidence was insufficient to justify a conviction. The evidence introduced by the State presented primarily a case presumably sufficient to justify a conviction. The evidence offered by the defendant, while somewhat improbable, tends to indicate that the plaintiff in error was not the owner of a still. **Sec 12380 GC,** reads:

"Whoever aids, abets or procures another to commit an offense may be prosecuted and punished as if he were the principal offender."

It is shown by the testimony of the plaintiff in error that he had been hired and paid by some one whose identity is not disclosed, to watch this still during the absence of this person. It is not disclosed that he did not know it was a still and that the operation of it was in violation of law. He says that he had not as yet done anything when arrested, that he had not turned off the gas which he was instructed to do if the fire got too hot. However, he was there for the purpose of watching the operation and turning off the fire if the heat became so great as to suggest such act. Clearly he was aiding and abeting the real owner, if he was not such, in the commission of the unlawful act charged in the indictment.

After an examination of this case the conclusion is reached that the evidence was sufficient to justify the conviction and not against the weight of the evidence. The judgment of the Court of Common Pleas is therefore affirmed.

Pollock and Farr, JJ, concur.